IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS J. WYKLE, | : | |
| | : | Case No. 3:17-cv-02211 |
| Plaintiff, | : | |
| | : | Judge Jeffrey J. Helmick |
| v. | : | |
| | : | |
| MICHAEL DAVIS, et al., | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS MICHAEL DAVIS AND ROGER WILSON (WITH JURY DEMAND)

Now come defendants Michael Davis and Roger Wilson (collectively "Defendants"), by and through counsel, and submits this Answer in response to Plaintiff Travis Wykle's Complaint filed on October 19, 2017 (Doc. #: 1).

        Respectfully submitted,

        MICHAEL DEWINE (0009181)
        Ohio Attorney General

        /s/ Justin C. Sheridan
        JUSTIN C. SHERIDAN (0087404)
        Assistant Attorney General
        Criminal Justice Section
        150 East Gay Street – 16th Floor
        Columbus, OH 43215
        (614) 644-8693 – Phone
        (866) 500-2778 – Fax
        Justin.Sheridan@OhioAttorneyGeneral.gov
        Counsel for Respondents

**FIRST DEFENSE**

Defendants respond to **Part I. The Parties to the Complaint** as follows:

1. In response to **Section A. The Plaintiff**, Defendants admit Plaintiff is a prisoner inmate in the custody and control of the Ohio Department of Rehabilitation and Correction ("ODRC"). Defendants aver Plaintiff currently resides at the Chillicothe Correctional Institution ("CCI") in Chillicothe, Ohio.

2. In response to **Section B. The Defendants**, Defendants admit Defendant Michael Davis is currently employed by the State of Ohio at 770 W. Broad St., Columbus, Ohio. Defendants aver Defendant Michael Davis' working title is Parole Program Administrator 2. Defendants admit Defendant Roger Wilson is employed by the State of Ohio at 770 W. Broad St., Columbus, Ohio. Defendants aver Defendant Roger Wilson's working title is Deputy Director 4. Defendants lack personal knowledge as to the truth or falsity of the allegations contained in Section B, and therefore deny the same.

Defendants respond to **Part II. Basis for Jurisdiction** as follows:

3. The allegations in Section A state conclusions of law which require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

4. The allegations in Section B state conclusions of law which require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

5. The allegations in Section C state no facts and thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

6. In response to the second paragraph of Section D, Defendants admit Defendant Michael Davis, during the times referenced in the Complaint, was the religious services administrator designated to address requests for religious accommodations of prison

inmates. DRC policy 72-REG-02 requires the Religious Services Administrator to review accommodations that include dietary requests, congregate services, and religious holidays not previously observed or recognized. All other accommodation requests may be decided at the institution by the managing officer or designee. The remaining allegations in this paragraph state conclusions of law which require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

7. Defendants lack personal knowledge as to the truth or falsity of the allegations contained in the third paragraph of Section D, and therefore deny the same.

8. Defendants lack personal knowledge as to the truth or falsity of the allegations contained in the fourth paragraph of Section D, and therefore deny the same.

9. Defendants lack personal knowledge as to the truth or falsity of the allegations contained in the fifth paragraph of Section D, and therefore deny the same.

10. Defendants lack personal knowledge as to the truth or falsity of the allegations contained in the sixth paragraph of Section D, and therefore deny the same.

11. In response to the seventh paragraph of Section D, Defendants admit Defendant Roger Wilson is the Chief Inspector for state-operated adult correctional institutions in the State of Ohio. The remaining allegations in this paragraph state conclusions of law which require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

Defendants respond to **Part III. Prisoner Status** as follows:

12. Defendants admit Plaintiff is a convicted and sentenced state prisoner.

Defendants respond to **Part IV. Statement of Claim** as follows:

13. The allegations in Section A state no facts and thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

14. In response to Section B.1., Defendants also request a trial by jury.

15. In response to Section B.2., Defendants admit Defendant Michael Davis denied Plaintiff's Request for Accommodation to have a kosher meal for religious reasons on September 9, 2016. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the remaining allegations.

16. In response to Section B.3., Defendants admit Defendant Michael Davis denied Plaintiff's request on January 27, 2017 for Kosher-for-Passover meals. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the allegations.

17. In response to Section B.4., Defendants admit Defendant Michael Davis denied Plaintiff's request for kosher meals in late July, 2017. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the allegations.

18. In response to Section B.5., Defendants admit Plaintiff filed an Appeal to the Chief Inspector on May 30, 2017 related to a change in Plaintiff's religious affiliation. Defendants deny that the Chief Inspector failed to reply to Plaintiff's appeal. As to the remaining allegations, Defendants lack personal knowledge as to the truth or falsity of the remaining allegations, but based on investigations respond as follows: Defendants admit Plaintiff submitted an Informal Complaint Resolution to Deputy Warden Joyce on April 28, 2017. Defendants admit Plaintiff filed a grievance on May 11, 2017. Defendants admit the Disposition of Grievance by "L. Shuler" states "it has also been confirmed by

the Rabbi that he does not support your religion being Jewish." Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Section B.5. and therefore deny the remaining allegations.

19. In response to Section B.6., Defendants admit Plaintiff filed an Appeal to the Chief Inspector on June 20, 2017. Defendants deny Plaintiff never received a reply from the Chief Inspector. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Section B.6. and therefore deny the remaining allegations.

20. In response to Section B.7., Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore deny the allegations.

21. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations in Section C and therefore deny the allegations.

22. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations in Section D and therefore deny the allegations.

Defendants respond to **Part V. Injuries** as follows:

23. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore deny the allegations.

Defendants respond to **Part VI. Prayer for Relief** as follows:

24. This section consists of Plaintiff's prayer for relief which does not require a response. Defendants deny Plaintiff is entitled to any relief sought in his Complaint, and to any relief whatsoever.

Defendants respond to **Part VII. Exhaustion of Administrative Remedies Administrative Procedures** as follows:

25. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Section A, but based on investigations Defendants admit Section A.

26. Defendants admit Section B.

27. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Section C, but based on investigations Defendants admit Section C.

28. Defendants lack personal knowledge as to the truth or falsity of the allegations in Section D, but based on investigations Defendants admit Section D.

29. Defendants lack personal knowledge as to the truth or falsity of the allegations in Section E, but based on investigations Defendants admit Sections E.1. and E.2. Defendants deny Section E.3. In response to Section E.4, Defendants admit Plaintiff filed appeals to the Chief Inspector. Defendants deny Defendant Roger Wilson did not respond to either appeal, and aver Decisions of the Chief Inspect on a Grievance Appeal were completed.

30. In response to Section F.1., Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore deny the allegations.

31. In response to Section F.2., Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore deny the allegations.

32. Section G contains on facts which requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

Defendants respond to **Part VIII. Previous Lawsuits** as follows:

33. This Section contains no facts and thus requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

Defendants respond to **Part VIII. (sic) Certification and Closing** as follows:

34. This section contains no facts and thus requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

35. Defendants deny each and every allegation not specifically admitted herein.

## SECOND DEFENSE

36. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

37. Plaintiff's Complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust available administrative remedies.

## FOURTH DEFENSE

38. Plaintiff's Complaint must be dismissed pursuant to 42 U.S.C. § 1997e(c) due to the action being frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

## FIFTH DEFENSE

39. The Prison Litigation Reform Act ("PLRA") of 1995 limits Plaintiff's requested relief, including, but not limited to, any request for attorney's fees. 42 U.S.C. § 1997e(d).

## SIXTH DEFENSE

40. Plaintiff's Complaint is barred by 42 U.S.C. § 1997e(e) because Plaintiff cannot demonstrate a prior showing of physical injury.

## SEVENTH DEFENSE

41. Plaintiff's Complaint is barred due to the doctrine of contributory negligence.

## EIGHTH DEFENSE

42. Plaintiff's Complaint is barred from any equitable relief due to application of the unclean hands doctrine.

## NINTH DEFENSE

43. Plaintiff's Complaint is barred by the doctrine of *res judicata* and collateral estoppel.

## TENTH DEFENSE

44. Plaintiff's Complaint is barred, in whole or in part, by superseding, intervening acts or omissions not under the control of Defendants, to include, but not limited to, Plaintiff's own actions or failure to act, either in whole or in part.

## ELEVENTH DEFENSE

45. Plaintiff's Complaint is barred because it fails to state the deprivation of a constitutional right.

## TWELFTH DEFENSE

46. Plaintiff's Complaint is barred by claim preclusion, or issue preclusion, or both.

## THIRTEENTH DEFENSE

47. Plaintiff's Complaint is barred by the statute of limitations and/or laches.

## FOURTEENTH DEFENSE

48. Plaintiff's Complaint is barred due to lack of standing.

## FIFTEENTH DEFENSE

49. Plaintiff's Complaint fails to name indispensable parties without whom complete relief is not possible.

## SIXTEENTH DEFENSE

50. Plaintiff's Complaint is barred by the doctrine of waiver.

## SEVENTEENTH DEFENSE

51. Defendants are entitled to immunity, to include but not limited to Eleventh Amendment Immunity, Ohio Sovereign Immunity, and judicial immunity.

**EIGHTEENTH DEFENSE**

52. Defendants, in their individual capacities, are protected by the doctrine of qualified immunity, and that they acted in good faith with the law at all relevant times.

**NINETEENTH DEFENSE**

53. Defendants raise the defense of fraud.

**TWENTIETH DEFENSE**

54. Defendants reserve the right to amend their Answer and assert additional affirmative defenses as may be disclosed through discovery or by additional legal research.

**TWENTY-FIRST DEFENSE**

55. Plaintiff's Complaint is barred due to the doctrine of assumption of the risk.

**JURY DEMAND**

Defendants demand a trial by jury on all issues where a jury trial is available.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

/s/ Justin C. Sheridan
JUSTIN C. SHERIDAN (0087404)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street – 16th Floor
Columbus, OH 43215
(614) 644-8693 – Phone
(866) 500-2778 – Fax
Justin.Sheridan@OhioAttorneyGeneral.gov
Counsel for Respondents

9

## CERTIFICATE OF SERVICE

I certify that the foregoing *ANSWER OF DEFENDANTS MICHAEL DAVIS AND ROGER WILSON (WITH JURY DEMAND)* was filed via electronic transmission on April 25, 2018, and was sent by regular, first-class mail to Travis J. Wykle, #A685-105, Chillicothe Correctional Institution, P. O. Box 5500, Chillicothe, Ohio 45601.

/s/Justin C. Sheridan
JUSTIN C. SHERIDAN
Assistant Attorney General