## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **TRAVIS J. WYKLE**, | **CASE NO. 3:17 cv 2211** |
| *Plaintiff,* | **JUDGE JEFFREY HELMICK** |
| v. | **MAGISTRATE JUDGE** |
| **MICHAEL DAVIS, et al.,** | **JAMES R. KNEPP, II** |
| *Defendants.* | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Michael Davis and Roger Wilson, through undersigned counsel, move this Honorable Court to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 56(a).  A memorandum in support is attached.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General


*s/Mindy Worly*
Mindy Worly (0036395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161
Fax: (866) 474-4985
Mindy.worly@OhioAttorneyGeneral.gov

*Counsel for Defendants Davis and Wilson*

## MEMORANDUM IN SUPPORT

### I.      INTRODUCTION

As is underscored by Defendants Turner, Joyce, Shuler and Smith's ("MTC Defendants") motion for summary judgment, on February 22, 2017 Plaintiff Travis Wykle ("Plaintiff") filed a petition seeking a writ of mandamus in the Marion, Ohio Court of Common Pleas to compel prison officials, including Defendant Michael Davis, to provide him with kosher meals.  Doc #: 22, PageID 136.  Ruling on the petition, the trial court ultimately determined that the denial of Plaintiff's requests for religious accommodation, namely the provision of kosher food, was justified due to the prison officials' reasonable conclusion that he did not have a sincere belief in the tenants of the Jewish faith.  Doc #: 22-2, PageID 155. However, during the pendency of this state court action, Plaintiff filed a parallel lawsuit, this time in federal court. Accordingly, whether under the doctrine of abstention or as the result of the dictates of *res judicata* or *Rooker-Feldman*, Plaintiff's federal court action should be dismissed.

### II.     LAW AND ARGUMENT

#### A.      Standard of Review: Fed. R. Civ. P. 56(a).

The party moving for summary judgment has the burden of conclusively showing no genuine issue of material fact exists.  *Baker v. Roberts Exp., Inc.,* 800 F.Supp. 1571, 1573 (S.D. Ohio 1992).  The question on a summary judgment motion, then, is whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  Of course summary judgment must be used with extreme caution since it effectively denies a litigant his day in court.  *Baker,* 800 F.Supp. at 1573.  Accordingly, the burden is on the movant to establish conclusively that no genuine factual dispute remains. Thus, summary judgment is not appropriate if "the evidence is such that a reasonable jury could

2

return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505, 2507 (1986).

Therefore, the inquiry on summary judgment turns on whether the evidence presents a "sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 2512. But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Expert Masonry, Inc. v. Boone Cty, Ky.,* 440 F.3d 336, 341 (6th Cir. 2006). Since the evidence in the present case is such that no reasonable jury could return a verdict in Plaintiff's favor, Defendants should be granted judgment as a matter of law.

**B.      The *Younger* Abstention.**

Under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and its progeny, abstention may be appropriate in this case due to Plaintiff's parallel state litigation. Notably, the Younger abstention doctrine continues through the exhaustion of all appeals. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975). Thus, although it appears that Plaintiff has not appealed the trial court's 9/17/18 final and appealable order dismissing his case with prejudice, his state court appeal time may not have yet run. Therefore, Plaintiff's state court litigation may in fact still be "pending" as is required for the *Younger* abstention doctrine to apply. If such is the case, Plaintiff's federal court case should be dismissed on the basis of the *Younger* abstention doctrine.

**C.      Res Judicata and the *Rooker- Feldman* Abstention.**

It is a fundamental principle of federal jurisprudence that any decision rendered by a state court of competent jurisdiction is generally speaking not to be disturbed. In order to implement

3

this principle, various judicial doctrines have been developed that, when applicable, mandate that a court abstain from hearing a matter. For example, and specifically relevant to this case, are the related judicial doctrines of *res judicata* and *Rooker-Feldman*, both of which operate as a limit on the types of actions that a federal court may hear.

*Res judicata*, commonly referred to as claim preclusion, "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979). The purpose of this doctrine has been described as a device to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980).

To determine whether the *res judicata* doctrine lends preclusive effect to a particular state court decision, federal courts, pursuant to 28 U.S.C. § 1738, must look to the applicable state law to assess the preclusive effect a state court would attach to that decision. *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir.1987) (quoting *Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 557 (6th Cir.1983), *aff'd*, 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985)). Stated in another way, if an individual is precluded from litigating a suit in a state court by the traditional principles of *res judicata*, then that individual is similarly precluded from litigating that suit in federal court. Thus, in the present case, since jurisdiction over Plaintiff's state law claims was exercised by an Ohio state court, this Court, in applying the doctrine of *res judicata*, should look to the law of Ohio.

In addressing the standard for applying the doctrine of *res judicata* under Ohio law, the Ohio Supreme Court has stated that "[i]t is well-settled in Ohio, under the doctrine of *res*

*judicata*, that a final judgment or decree rendered upon the merits, without fraud of collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them."*Gilbraith v. Hixson*, 32 Ohio St. 3d 127, 128 512 N.E.2d 956, 958-59 (Ohio 1987) (internal quotations and citations omitted) (citing *Norwood v. McDonald*, 142 Ohio St. 299, 27 Ohio Op. 240, 52 N.E.2d 67 (Ohio 1943)).

Thus, under Ohio law the following elements must be established for the doctrine of *res judicata* to apply:

> (1) a final judgment, order or decree;
>
> (2) mutuality of parties;
>
> (3) the court must have been one of competent jurisdiction;
>
> (4) the final judgment or decree must have been rendered upon the merits, without fraud, or collusion.

*See Corradi v. Bear Creek Investment*, 1998 Ohio App. LEXIS 2173, 1998 WL 241927 *4 (Ohio App. 8th Dist. May 14th 1998) *Karmasu v. Tate*1994 Ohio App. LEXIS 4259 (Sept. 15, 1994), *2 Scioto App. No. 94 CA 2217.

Thereafter, upon these requirements being met, the doctrine of *res judicata* will serve to preclude the litigation of all claims or defenses which could have been raised in the original action. *Horisk's Salvage Pool v. Strongsville*, 91 Ohio App. 3d 121, 126 631 N.E.2d 1097, 1101 (Ohio 1993). As the Ohio Supreme Court has repeatedly held, the doctrine of *res judicata* "applies not only to what was determined but also to every question which might properly have been litigated." *Stromberg v. Bd. of Educ.*, 64 Ohio St. 2d 98, 100, 413 N.E.2d 1184, 18 Ohio Op. 3d 343 (Ohio 1980); *see also Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E.2d

226, 229 (Ohio 1995) ( a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of  the transaction or occurrence that was the subject matter of the previous action); *State ex rel. Ohio Water Service Co. v. Mahoning Valley Sanitary Dist.*, 169 Ohio St. 31, 34, 157 N.E.2d 116, 118 (Ohio 1959) (res judicata is "dispositive not only of issues which were actually litigated but also of those which could have been litigated"); *Burton, Inc. v. Durkee*, 162 Ohio St. 433, 438, 123 N.E.2d 432 (Ohio 1954) ("an action is conclusive in the second action or second trial of an action as to every issue which was or might have been presented and determined in the former instance").

In applying the above requirements to the present case, there can be no issue whether the *res judicata* requisites have been fulfilled.  To the contrary, there is no question that the trial court issued a final decree, that Plaintiff filed both his state and federal court cases against the MTC Defendants as well as Defendant Michael Davis, that the trial court was one of competent jurisdiction, and that a final judgment was rendered upon the merits, not only in favor of Defendant Michael Davis by way of summary judgment (Doc #: 22-2, PageID 151), but also as a result of a trial on the merits regarding the MTC Defendants.  Doc #: 22-2, PageID 155. Certainly, Ohio's *res judicata* test has been met.

However, assuming arguendo that the doctrine of *res judicata* is somehow found not to be applicable in this case, Plaintiff is still prohibited from collaterally attacking the trial court's judgment under what is known as the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine, which takes its name from two Supreme Court cases,  is, in its simplest terms, a prohibition against a lower federal court entertaining a collateral attack on a state court decision. The doctrine itself, which is partially codified in 28 U.S.C. § 1257,  holds that only the Supreme Court of the United States has jurisdiction to hear appeals of decisions rendered by a

6

state court. As a consequence, a party allegedly aggrieved by an improper state court decision is required to appeal that decision through the state court system, and then if need be, directly to the Supreme Court of the United States. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir.1995).

The doctrine, in both its form and its effect, is closely related to the doctrine of *res judicata. United States v. Owens*, 54 F.3d 271, 274 (6th Cir.1995) (the *Rooker-Feldman* doctrine is a combination of the abstention and *res judicata* doctrines). For example, like the doctrine of *res judicata,* the *Rooker-Feldman* doctrine applies even when a state court judgment may be in error. *Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 538 (6th Cir. BAP 1999). However, unlike the doctrine of *res judicata*, the *Rooker-Feldman* doctrine is jurisdictional in nature, and as such its application cannot be waived. *Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir.1996); *In re Singleton*, 230 B.R. at 537.

In determining whether the *Rooker-Feldman* doctrine is applicable here, it must be ascertained whether the party bringing the claim is seeking what in substance would be the appellate review of a state court decision. *Johnson v. Odom*, 901 F. Supp. 220, 223 (W.D.La.1995). This statement, however, should not be taken to mean that an action or defense brought in a federal court, which merely has the inadvertent effect of reversing a state court decision, automatically calls for the application of the *Rooker-Feldman* doctrine. As the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals in *In re Singleton* pointed out, the *Rooker-Feldman* doctrine asks:

> is the federal [litigant] seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*In re Singleton*, 230 B.R. at 537 *citing GASH Assocs. v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir.1993). To make this determination, the Sixth Circuit Court of Appeals held that a court is to ask whether the federal court proceedings are "inextricably intertwined" with the state court judgment. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998). In making this determination, the Sixth Circuit Court of Appeals has concluded that the federal and state claims are inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Therefore, where federal relief can only be predicated upon a conviction that the state court ruling was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court decision. *Id.*

In applying this standard to the instant case, it is readily apparent that in contravention to the *Rooker-Feldman* doctrine there is no way this Court could rule for the Plaintiff without first finding that the Marion County Court of Common Pleas wrongly denied his request for religious accommodation. Furthermore, although the *Rooker-Feldman* doctrine does not apply if (1) the state court judgment was procured through fraud, deception, accident or mistake; (2) the party against whom the *Rooker-Feldman* doctrine is asserted was not a party in the state court proceeding; (3) there was no reasonable opportunity to raise the claim at issue; (4) the state court lacked subject matter jurisdiction; or (5) a federal statute specifically authorizes federal review of a state court decision, none of these exceptions are applicable in this case. Thus, whether based upon the applicability of the *Younger* abstention, the *Rooker-Feldman* doctrine or *res judicata,* Plaintiff's Complaint should be dismissed as to the MTC Defendants as well as to Defendant Michael Davis.

**D.     Roger Wilson.**

Plaintiff's claims against Defendant Roger Wilson should be dismissed, too, however on a different basis.  Indeed, rather on the basis of *Younger*, *res judicata* or *Rooker-Feldman*, Plaintiff's claims against Defendant Roger Wilson should be dismissed because § 1983 provides no liability whatsoever resulting from an ineffective grievance system, whether under the Eighth or the Fourteenth Amendments.

Critically, despite Plaintiff's likening of Defendant Wilson's alleged actions (or lack thereof) to cruel and unusual punishment, there is no constitutional right to an effective grievance system. *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right, as there is no inherent constitutional right to an effective grievance procedure).  To the contrary, the Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Bittner v. Wilkinson,* 19 F. App'x. 310, 313 (6th Cir. 2001) (state inmate did not plead a viable § 1983 claim when he alleged prison officials denied or disregarded his grievances over incidents in which inmate was purportedly subjected to retaliation by prison officials).  Nor does an inmate have a constitutional or statutorily protected right to a grievance response. *Green v. Tudor,* 685 F. Supp.2d 678 (W.D. Mich. 2010) (the law is clear that the allegations that an official ignored a prisoner's letters are insufficient to establish liability).

While the Complaint faults Defendant Roger Wilson for allegedly ignoring Plaintiff's appeals, Plaintiff does not cite any sort of constitutional right to a grievance procedure, likely because he knows no such right exists. *Flowers v. Tate*, 925 F.2d 1463, *1 (6th Cir. 1991) ("[I]t

is noted that [appellant] does not have a constitutional right to an effective grievance procedure"). It is therefore not surprising that Plaintiff alleges utterly no facts regarding what role Defendant Roger Wilson played, if any, with respect to the grievances Plaintiff allegedly filed. Instead, he merely claims that Defendant Roger Wilson ignored them. Nonetheless, claims against grievance inspectors, acting in the scope of their duties as institutional inspectors for inmate complaints, are not cognizable under § 1983. *Wood v. Mohr*, No. 2:12-cv-978, 2012 WL 5378917, at *2 (S.D. Ohio Oct. 30, 2012), quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984); *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982). Accordingly, the claims against Defendant Roger Wilson, too, should be dismissed.

### E.    Defendants Michael Davis and Roger Wilson are also entitled to qualified immunity.

42 U.S.C. § 1983 contains no immunity provisions. Nonetheless, the Supreme Court has recognized the burden of trial is unjustified in the face of a colorable claim that the action was reasonable in light of unclear law. *Will v. Hallock,* 546 U.S. 345, 353 (2006). Therefore, in undertaking the qualified immunity analysis, a court must determine whether a plaintiff has shown a violation of a clearly established right protected by the Constitution or federal law. *Brennan v. Township of Northville,* 78 F.3d 1152, 1154 (6th Cir. 1996).

Certainly, not every act of improper conduct constitutes a constitutional violation. *Atkinson v. Wyse*, Civil Action No. 12-CV-11905, 2013 WL 4487510 (E.D. Mich. 2013). Rather, for a right to be clearly established, the contours of the right must have been sufficiently clear that a reasonable official would understand what he was doing violated that right. *Anderson v. Creighton, Anderson v. Creighton*, 483 U.S.635, 640 (1987).

Accordingly, the relevant qualified immunity inquiry into qualified immunity is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001); *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) ("If reasonable officials could disagree on the issue, immunity should be recognized … For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow to raise a question about), the conclusion for every like-situated, reasonable government agent what defendant is doing violates federal law in the circumstances")).

Furthermore, as recently decided by the Sixth Circuit, a plaintiff must identify a case wherein an officer acting under similar circumstances as the defendant was held to have violated the Constitution in order to present a clearly defined constitutional right so as to deny qualified immunity and withstand summary judgment. *Newberry v. Melton*, No. 17-5503 (6th Cir. February 23, 2018).  Notably, by contrast with this requirement, not only has Plaintiff cited no case in which a prison official was found to have violated an inmate's rights when the inmate, himself, admitted he only sought a religious accommodation because he thought that the food might be better, but also Plaintiff has produced no evidence whatsoever that Defendants Michael Davis and/or Roger Wilson acted unreasonably in handling Plaintiff's accommodation appeal in the face of this admission.  Since there is no case cited by Plaintiff wherein an officer acting under similar circumstances as the Defendants was held to have violated the Constitution so as to defeat qualified immunity, Defendants Michael Davis and Roger Wilson are entitled to qualified immunity on Plaintiff's damage claims as a matter of law.

## III.    CONCLUSION

Some people are never satisfied. Indeed, as Plaintiff's parallel lawsuits sharply underscore, Plaintiff easily fits into this category. But the issue here is not Plaintiff's impatience or distrust with the court system, much less his dissatisfaction with prison food. Rather, the issue is whether any of Plaintiff's constitutional or federal rights have been violated by any of the Defendants. Since the only conclusion the Court can draw is a resounding no, this case should be summarily dismissed with prejudice.

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General

/s/ Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, OH 43215
(614) 728-0161/Fax:  (866) 474-4985
Mindy.worly@OhioAttorneyGeneral.gov

*Counsel for Defendants Davis and Wilson*

## CERTIFICATION OF COMPLIANCE WITH LR 7.1 (F)

I hereby certify that this case is on the Standard Track and the foregoing memorandum adheres to the twenty-page limitation set forth in LR 7.1(f).

/s/ Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General

12

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing was served on the below pro se Plaintiff via regular U.S. Mail, postage prepaid:


Travis Jay Wykle**,** 685-105
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, OH 45601

/s/ Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General