UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Travis J. Wykle, *pro se*,                                          Case No. 3:17-cv-2211

        Plaintiff,

v.                                                                   MEMORANDUM OPINION
                                                                     AND ORDER

Michael Davis, *et al.*,

        Defendants.

## I. INTRODUCTION

Defendants Rebecca Joyce, Lorri Shuler, Blaire Smith, and Neil Turner, and Defendants Michael Davis and Roger Wilson, have filed motions for summary judgment, arguing the claims presented by *pro se* Plaintiff Travis Wykle are barred by the doctrine of res judicata. (Doc. No. 22 and 24). Wykle has not filed a brief in opposition of either motion. For the reasons stated below, Defendants' motions for summary judgment are granted.

## II. BACKGROUND

Wykle was incarcerated at the North Central Correctional Complex ("NCCC") in Marion, Ohio during the events at issue in this litigation. Wykle alleges he is Jewish and that the Defendants have denied his numerous requests for kosher meals and improperly prohibited him from participating in certain portions of Jewish worship services at NCCC. (Doc. No. 1 at 6-8). He seeks injunctive relief, as well as compensatory and punitive damages. (Doc. No. 1 at 8-9). After the

commencement of this litigation, Wykle was transferred to the Chillicothe Correctional Institution in Chillicothe, Ohio. (Doc. No. 10).

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

Defendants argue Wykle's claims are barred by the doctrine of res judicata. Wykle first filed a petition for a writ of mandamus in the Marion County, Ohio Court of Common Pleas, naming Turner, Joyce, Davis, and Smith as respondents and seeking an order requiring NCCC to provide him with kosher meals during Passover. (Doc. No. 22-1). After a bench trial, the Marion County judge denied Wykle's petition, determining the respondents could reasonably have concluded Wykle did not have a sincere belief in the tenets of the Jewish faith. (Doc. No. 22-2 at 5).

Defendants argue Wykle's claims here, asserting violations of his First, Eighth, and Fourteenth Amendment rights, must be denied because he could have brought them during the state court action, but failed to do so. (Doc. No. 22 at 5-6; Doc. No. 24 at 3-6). Additionally, Defendant Wilson asserts Wykle's claims against him must be dismissed because he cannot establish his Eighth Amendment claims against Wilson as a matter of law. (Doc. No. 24 at 9-10).

2

Because he failed to respond to Defendants' arguments despite having been served with copies of their motions in a manner consistent with the Federal Rules of Civil Procedure, I deem Wykle to have waived opposition to both motions. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, *2 (6th Cir. 1989) (unpublished table decision).

In order to determine whether Wykle's claims may go forward, I must determine whether an Ohio court would agree to hear them. 28 U.S.C. § 1738; *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984) (holding res judicata applies to both state and federal causes of action). Under Ohio law, the doctrine of claim preclusion prohibits a party from pursuing the same cause of action in a subsequent proceeding, because "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Rogers v. City of Whitehall*, 494 N.E.2d 1387, 1388 (Ohio 1986). A plaintiff's claims in a subsequent lawsuit are precluded if those claims depend on the same "necessary" facts as the claims in the first lawsuit. *Osborn v. Ashland Cnty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1134 (6th Cir. 1992).

Moreover, Ohio courts extend the preclusive effect of prior judgments to issues decided in those earlier cases, even if the parties against whom the plaintiff's claims are asserted differ from the defendants in the earlier case:

> A party precluded under this principle from relitigating an issue with an opposing party likewise is precluded from doing so with another person unless he lacked full and fair opportunity to litigate that issue in the first action, or unless other circumstances justify according him an opportunity to relitigate that issue.

*Hicks v. De La Cruz*, 369 N.E.2d 776, 778 (Ohio 1977).

In Marion County, Wykle claimed he was entitled to receive kosher meals during Passover because he was Jewish. (Doc. No. 22-1 at 2-3). After a bench trial, the Marion County Court of

3

Common Pleas concluded he had not established a clear right to relief because Wykle had not identified "a religious leader to confirm his sincere practice of the Jewish faith," and, more problematically, because Wykle failed to offer a plausible explanation for an unfortunate email he sent to a friend, seeking help in finding a now-closed synagogue to which Wykle could claim he belonged with the hopes that the Ohio Department of Rehabilitation and Correction would not go to the trouble of confirming whether or not Wykle had ever attended that or any synagogue. (Doc. No. 22-2 at 4-5).

While that litigation was ongoing, Wykle filed suit here, claiming the Defendants violated his First, Eighth, and Fourteenth Amendment rights by depriving him of his free exercise rights. The factual allegations underlying Wykle's complaint all occurred prior to the bench trial before the state court. (*See* Doc. No. 1; Doc. No. 22-2).

As the state court noted, the Sixth Circuit has held "[a] prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001). The state court concluded Wykle's asserted belief in the tenets of the Jewish faith is not sincerely held in light of evidence that Wykle was attempting to manipulate NCCC into providing him with kosher meals because they tasted better than the food offered to other inmates. (Doc. No. 22-2 at 4-5).

The Defendants have carried their burden of showing the absence of a dispute of material fact concerning whether Wykle's present claims involve the same nucleus of operative facts as, and whether Wykle could have brought those claims during, his state court action. Therefore, I conclude Wykle's claims against Defendants Shuler, Turner, Joyce, Davis, and Smith are barred by the doctrine of res judicata. *Osborn*, 979 F.2d at 1134.

Further, I also conclude Defendant Wilson is entitled to judgment as a matter of law on Wykle's claims against him. Wykle claims Wilson violated his Eighth and Fourteenth Amendment rights by failing to respond to Wykle's appeals of grievances he filed concerning NCCC's refusal to provide him with kosher meals. (Doc. No. 1 at 5). As Wilson notes, Wykle fails to establish he has a constitutional right to an effective grievance system, and therefore he cannot sustain his § 1983 claim against Wilson. *See, e.g., Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008).

## V.  CONCLUSION

For the reasons stated above, the motions of all Defendants for summary judgment, (Doc. No. 22 and Doc. No. 24), are granted.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge